UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
CARL CHRISTY,                   )
                                )
          Plaintiff,            )
                                )
          v.                    )    Civil Action No. 08-1552 (RWR)
                                )
UNITED STATES DEPARTMENT OF     )
JUSTICE, et al.,                )
                                )
          Defendants.           )
_____ )
```

## MEMORANDUM OPINION

Pro se plaintiff Carl Christy filed this complaint against the Department of Justice ("DOJ") and five DOJ officials, citing the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 et seq., and 18 U.S.C. § 3504, seeking an order directing the individual defendants to comment on the legality of a wiretap that purportedly led to Christy's criminal conviction in 1989. The defendants have moved to dismiss the complaint, or in the alternative for summary judgment, arguing that Christy's complaint seeks to compel the defendants to perform an act they have no duty to perform. Because the material facts are not in dispute and the law imposes no duty upon the defendants to act as Christy has requested, the motion will be granted and judgment will be entered for the defendants.

## BACKGROUND

In 1989, Christy was convicted of conspiracy to possess with the intent to distribute cocaine. (Compl. ¶¶ 2, 19-20; Defs.'

-2-

Stmt. of Mat. Facts Not In Dispute ("Defs.' Stmt.") ¶ 1.)
In 1992, Christy filed a motion for a new trial in the Eastern
District of North Carolina, based on the theory that evidence
that was used against him in the trial was obtained after the
United States District Court issued and extended an electronic
surveillance order that was invalid because the original
application was authorized by an Assistant Attorney General for
the Office of Legal Counsel, not by an Assistant Attorney General
in the Criminal Division.[1]  Christy's motion was denied, and that
denial was affirmed on appeal to the Fourth Circuit.  (Compl.
¶¶ 9-12, 17, 19, 22; Defs.' Stmt. ¶¶ 2-3.)  In 1996, Christy
filed a motion in the Eastern District of North Carolina to
vacate or set aside his sentence, based on the same argument.
That motion was also denied, and the denial was affirmed on
appeal.  (Defs.' Stmt. ¶¶ 4-5.)

    In 2008, Christy petitioned the DOJ Pardon Attorney to
commute his sentence, arguing that his conviction was tainted by
evidence obtained through unlawful electronic surveillance.
(Compl. ¶¶ 24-26.)  While that petition was pending, Christy sent

---

    [1] Christy's belief that the wiretap order was invalid is
misguided.  "[A]ny Assistant Attorney General, any acting
Assistant Attorney General, or any [designated] Deputy Assistant
Attorney General in the Criminal Division" could authorize an
application for a wiretap.  See 18 U.S.C.A. § 2516 (1986).  The
phrase "in the Criminal Division" referred to Deputy Assistant
Attorneys General, not Assistant Attorneys General.  In addition,
Christy acknowledges that, ultimately, a federal judge authorized
the wiretap.  (Compl. ¶ 12.)

letters to the Pardon Attorney and four other DOJ officials,[2]
citing 18 U.S.C. § 3504(a)(1) and asking them to "affirm or deny
the existence of an unlawful act" by acknowledging that Christy
was convicted based on evidence obtained through unlawful
electronic surveillance.  (Compl. ¶¶ 24-28; Defs.' Mem. in Supp.
of Mot. to Dismiss or in the Alternative for Summ. J. ("Defs.'
Mem.") at 2.)  After Christy did not receive a response to those
letters, he filed this action claiming that the defendants
violated the APA by unlawfully withholding or unreasonably
delaying an action they were obligated to perform under 18 U.S.C.
3504(a)(1).  (Compl. ¶¶ 39-41.)

     The defendants have moved to dismiss Christy's complaint, or
in the alternative for summary judgment, arguing that the DOJ and
the individual defendants did not have a legal obligation to
confirm or deny any unlawful use of electronic surveillance.
(Defs.' Mem. at 8-9.)  Christy opposes.

## DISCUSSION

     "Summary judgment is appropriately granted when the moving
party demonstrates that there is no genuine issue as to any
material fact and that moving party is entitled to judgment as a

---

     [2] Christy sent his demand to the following defendants:
Acting Pardon Attorney Helen Bollwerk; Assistant Attorney General
Steven Bradbury, Office of Legal Counsel; Assistant Attorney
General Alice Fisher, Criminal Division; Assistant Attorney
General Ralph Boyd, Jr., Civil Rights Division; and Attorney
General Michael Mukasey.  (Compl. ¶¶ 28-35.)

-4-

matter of law." <u>Winston v. Clough</u>, 712 F. Supp. 2d 1, 6 (D.D.C.

2010) (citing <u>Moore v. Hartman</u>, 571 F.3d 62, 66 (D.C. Cir. 2009)

(citing Fed. R. Civ. P. 56(c) and <u>Anderson v. Liberty Lobby,</u>

<u>Inc.</u>, 477 U.S. 242, 247 (1986))).  "In considering a motion for

summary judgment, [a court is to draw] all 'justifiable

inferences' from the evidence . . . in favor of the nonmovant."

<u>Winston</u>, 712 F. Supp. 2d at 6 (quoting <u>Cruz-Packer v. Dist. of</u>

<u>Columbia</u>, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting

<u>Anderson</u>, 477 U.S. at 255); <u>Matsushita Elec. Indus. Co. v. Zenith</u>

<u>Radio Corp.</u>, 475 U.S. 574, 587 (1986).  "The court must

determine 'whether there is a need for trial - - whether, in

other words, there are any genuine factual issues that properly

can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party.'"  <u>Winston</u>, 712

F. Supp. 2d at 6 (quoting <u>Citizens for Responsibility and Ethics</u>

<u>in Wash. v. Bd. of Governors of the Fed. Reserve</u>, 669 F. Supp. 2d

126, 129 (D.D.C. 2009)(internal quotation omitted)).

     The APA permits a court to "compel agency action unlawfully

withheld or unreasonably delayed[.]"  5 U.S.C. § 706(1).

However,

        nothing can be compelled under § 706(1) unless it is
        "legally *required*."  [<u>Norton v. Southern Utah</u>
        <u>Wilderness Alliance</u>, 542 U.S. 55, 63 (2004) ("<u>SUWA</u>")]
        (emphasis in original). . . .  In other words, "a claim
        under § 706(1) can proceed only where a plaintiff
        asserts that an agency failed to take a discrete agency
        action that it is required to take." <u>SUWA</u> at 64
        [emphasis omitted].

-5-

<u>Friends of the Earth v. United States Dep't of the Interior</u>, 478
F. Supp. 2d 11, 26 (D.D.C. 2007).  Christy claims the defendants
violated a duty to take action that he traces to 18 U.S.C.
§ 3504, which states that

> (a) In any trial, hearing, or other proceeding in or
> before any court, grand jury, department, officer,
> agency, regulatory body, or other authority of the
> United States-
>
> (1) upon a claim by a party aggrieved that evidence is
> inadmissible because it is the primary product of an
> unlawful act or because it was obtained by the
> exploitation of an unlawful act, the opponent of the
> claim shall affirm or deny the occurrence of the
> alleged unlawful act[.]
>
>                    * * *
>
> (b) As used in this section "unlawful act" means any
> act [involving] the use of any electronic, mechanical,
> or other device (as defined in [18 U.S.C. § 2510(5)])
> in violation of the Constitution or laws of the United
> States[.]

18 U.S.C. 3504.  An aggrieved party's claim must "appear to have
a 'colorable' basis before it may function to trigger the
government's obligation to respond under § 3504."  <u>United States
v. Pacella</u>, 622 F.2d 640, 643 (2d Cir. 1980) (quoting <u>United
States v. Yanagita</u>, 552 F.2d 940, 943 (2d Cir. 1977)).
A respondent can satisfy the requirements of § 3504 by producing
affidavits asserting that no evidence to be used in the
proceeding was obtained by unlawful surveillance, or by producing
a court order showing that the surveillance was lawful.  <u>United
States v. Kember</u>, 648 F.2d 1354, 1369 (D.C. Cir. 1980); <u>In re</u>

-6-

Millow, 529 F.2d 770, 773 (2d Cir. 1976) (holding that the government's submission of a court order authorizing electronic surveillance was a sufficient response to a claim that evidence was a product of illegal wiretaps).

Here, the defendants had no obligation to respond to Christy's request.  The language of § 3504 reflects that the duty to comment on the lawfulness of surveillance applies to trials, hearings, or other proceedings where "evidence" is taken into account.  See 18 U.S.C. § 3504(a)(1).  No proceedings were pending before any of the defendants.  Even if Christy's application for a pardon were considered to be a "proceeding," Christy has completely failed to show a reasonable, colorable basis that he was the victim of illegal surveillance.  The core predicate for his claim of illegality is legally wrong.  As is mentioned above, the Assistant Attorney General in charge of the Office of Legal Counsel was empowered by § 2516 to authorize the wiretap application.  That fact was confirmed multiple times during Christy's trial, post-trial and appellate proceedings.  Moreover, it is clear, as Christy admits (Compl. ¶¶ 17-19), that the electronic interception of his conversation was authorized in an order signed by a federal judge.  Any answer under § 3504 to which he arguably could have been entitled he already possessed before he asked for it.

-7-

<u>CONCLUSION</u>

No material facts are in dispute and the defendants are entitled to judgment as a matter of law.  The wiretap application was lawfully authorized, and the interception occurred under an order issued by a federal court.  Christy has presented no colorable claim triggering any obligation for the defendants to respond to his requests under § 3504.  Therefore, judgment will be entered for the defendants.  A final order accompanies this memorandum opinion.

SIGNED this 8th day of February 2012.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge