UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
CARL CHRISTY,                  )
                               )
        Plaintiff,             )
                               )
        v.                     )     Civil Action No. 08-1552 (RWR)
                               )
UNITED STATES DEPARTMENT OF    )
JUSTICE, et al.,               )
                               )
        Defendants.            )
_____)
```

### MEMORANDUM OPINION

Pro se plaintiff Carl Christy filed this complaint against the Department of Justice ("DOJ") and five DOJ officials, citing the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 <u>et seq.</u>, and 18 U.S.C. § 3504, seeking an order directing the individual defendants to comment on the legality of a wiretap that purportedly led to Christy's criminal conviction in 1989. The defendants have moved to dismiss the complaint, or in the alternative for summary judgment, arguing that Christy's complaint seeks to compel the defendants to perform an act they have no duty to perform. Because the material facts are not in dispute and the law imposes no duty upon the defendants to act as Christy has requested, the motion will be granted and judgment will be entered for the defendants.

### BACKGROUND

In 1989, Christy was convicted of conspiracy to possess with the intent to distribute cocaine. (Compl. ¶¶ 2, 19-20; Defs.'

Stmt. of Mat. Facts Not In Dispute ("Defs.' Stmt.") ¶ 1.) In 1992, Christy filed a motion for a new trial in the Eastern District of North Carolina, based on the theory that evidence that was used against him in the trial was obtained after the United States District Court issued and extended an electronic surveillance order that was invalid because the original application was authorized by an Assistant Attorney General for the Office of Legal Counsel, not by an Assistant Attorney General in the Criminal Division.[1]  Christy's motion was denied, and that denial was affirmed on appeal to the Fourth Circuit. (Compl. ¶¶ 9-12, 17, 19, 22; Defs.' Stmt. ¶¶ 2-3.)  In 1996, Christy filed a motion in the Eastern District of North Carolina to vacate or set aside his sentence, based on the same argument. That motion was also denied, and the denial was affirmed on appeal. (Defs.' Stmt. ¶¶ 4-5.)

In 2008, Christy petitioned the DOJ Pardon Attorney to commute his sentence, arguing that his conviction was tainted by evidence obtained through unlawful electronic surveillance. (Compl. ¶¶ 24-26.)  While that petition was pending, Christy sent

---

[1] Christy's belief that the wiretap order was invalid is misguided. "[A]ny Assistant Attorney General, any acting Assistant Attorney General, or any [designated] Deputy Assistant Attorney General in the Criminal Division" could authorize an application for a wiretap. See 18 U.S.C.A. § 2516 (1986). The phrase "in the Criminal Division" referred to Deputy Assistant Attorneys General, not Assistant Attorneys General. In addition, Christy acknowledges that, ultimately, a federal judge authorized the wiretap. (Compl. ¶ 12.)

letters to the Pardon Attorney and four other DOJ officials,[2] citing 18 U.S.C. § 3504(a)(1) and asking them to "affirm or deny the existence of an unlawful act" by acknowledging that Christy was convicted based on evidence obtained through unlawful electronic surveillance. (Compl. ¶¶ 24-28; Defs.' Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J. ("Defs.' Mem.") at 2.) After Christy did not receive a response to those letters, he filed this action claiming that the defendants violated the APA by unlawfully withholding or unreasonably delaying an action they were obligated to perform under 18 U.S.C. 3504(a)(1). (Compl. ¶¶ 39-41.)

The defendants have moved to dismiss Christy's complaint, or in the alternative for summary judgment, arguing that the DOJ and the individual defendants did not have a legal obligation to confirm or deny any unlawful use of electronic surveillance. (Defs.' Mem. at 8-9.) Christy opposes.

DISCUSSION

"Summary judgment is appropriately granted when the moving party demonstrates that there is no genuine issue as to any material fact and that moving party is entitled to judgment as a

---

[2] Christy sent his demand to the following defendants: Acting Pardon Attorney Helen Bollwerk; Assistant Attorney General Steven Bradbury, Office of Legal Counsel; Assistant Attorney General Alice Fisher, Criminal Division; Assistant Attorney General Ralph Boyd, Jr., Civil Rights Division; and Attorney General Michael Mukasey. (Compl. ¶¶ 28-35.)

-4-

matter of law." Winston v. Clough, 712 F. Supp. 2d 1, 6 (D.D.C. 2010) (citing Moore v. Hartman, 571 F.3d 62, 66 (D.C. Cir. 2009) (citing Fed. R. Civ. P. 56(c) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986))).  "In considering a motion for summary judgment, [a court is to draw] all 'justifiable inferences' from the evidence . . . in favor of the nonmovant." Winston, 712 F. Supp. 2d at 6 (quoting Cruz-Packer v. Dist. of Columbia, 539 F. Supp. 2d 181, 189 (D.D.C. 2008) (quoting Anderson, 477 U.S. at 255); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).  "The court must determine 'whether there is a need for trial - - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"  Winston, 712 F. Supp. 2d at 6 (quoting Citizens for Responsibility and Ethics in Wash. v. Bd. of Governors of the Fed. Reserve, 669 F. Supp. 2d 126, 129 (D.D.C. 2009)(internal quotation omitted)).

The APA permits a court to "compel agency action unlawfully withheld or unreasonably delayed[.]"  5 U.S.C. § 706(1). However,

> nothing can be compelled under § 706(1) unless it is "legally *required*." [Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63 (2004) ("SUWA")] (emphasis in original). . . .  In other words, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." SUWA at 64 [emphasis omitted].

-5-

<u>Friends of the Earth v. United States Dep't of the Interior</u>, 478 F. Supp. 2d 11, 26 (D.D.C. 2007).  Christy claims the defendants violated a duty to take action that he traces to 18 U.S.C. § 3504, which states that

> (a) In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States–
>
> (1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act[.]
>
> * * *
>
> (b) As used in this section "unlawful act" means any act [involving] the use of any electronic, mechanical, or other device (as defined in [18 U.S.C. § 2510(5)]) in violation of the Constitution or laws of the United States[.]

18 U.S.C. 3504.  An aggrieved party's claim must "appear to have a 'colorable' basis before it may function to trigger the government's obligation to respond under § 3504."  <u>United States v. Pacella</u>, 622 F.2d 640, 643 (2d Cir. 1980) (quoting <u>United States v. Yanagita</u>, 552 F.2d 940, 943 (2d Cir. 1977)).  A respondent can satisfy the requirements of § 3504 by producing affidavits asserting that no evidence to be used in the proceeding was obtained by unlawful surveillance, or by producing a court order showing that the surveillance was lawful.  <u>United States v. Kember</u>, 648 F.2d 1354, 1369 (D.C. Cir. 1980); <u>In re</u>

-6-

<u>Millow</u>, 529 F.2d 770, 773 (2d Cir. 1976) (holding that the government's submission of a court order authorizing electronic surveillance was a sufficient response to a claim that evidence was a product of illegal wiretaps).

Here, the defendants had no obligation to respond to Christy's request.  The language of § 3504 reflects that the duty to comment on the lawfulness of surveillance applies to trials, hearings, or other proceedings where "evidence" is taken into account.  <u>See</u> 18 U.S.C. § 3504(a)(1).  No proceedings were pending before any of the defendants.  Even if Christy's application for a pardon were considered to be a "proceeding," Christy has completely failed to show a reasonable, colorable basis that he was the victim of illegal surveillance.  The core predicate for his claim of illegality is legally wrong.  As is mentioned above, the Assistant Attorney General in charge of the Office of Legal Counsel was empowered by § 2516 to authorize the wiretap application.  That fact was confirmed multiple times during Christy's trial, post-trial and appellate proceedings.  Moreover, it is clear, as Christy admits (Compl. ¶¶ 17-19), that the electronic interception of his conversation was authorized in an order signed by a federal judge.  Any answer under § 3504 to which he arguably could have been entitled he already possessed before he asked for it.

## CONCLUSION

No material facts are in dispute and the defendants are entitled to judgment as a matter of law.  The wiretap application was lawfully authorized, and the interception occurred under an order issued by a federal court.  Christy has presented no colorable claim triggering any obligation for the defendants to respond to his requests under § 3504.  Therefore, judgment will be entered for the defendants.  A final order accompanies this memorandum opinion.

SIGNED this 8th day of February 2012.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```